## TERRITORY *v.* GUS ANDERSON.

### No. 933.

RESERVED QUESTION FROM CIRCUIT COURT, FIRST CIRCUIT.

HON. C. W. ASHFORD, JUDGE.

ARGUED JUNE 5, 1916.                    DECIDED JUNE 14, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

CRIMINAL LAW—*arrest of judgment—errors available.*

On a motion in arrest of judgment errors appearing on the record are available; but an objection that the verdict was contrary to the evidence may not be urged in arrest of judgment.

*Per Curiam:* The defendant was indicted for the crime of assault with intent to commit rape, and was convicted of that of indecent assault. He filed a motion in arrest of judgment on the ground: "That during the trial of said cause and as a part of the prosecution's case, it proved that said defendant said Gus Anderson had been an insane person for a period of three years prior to June 13th 1913 and further that said Gus Anderson was an insane person on the said 13th day of June 1913, and said prosecution failed and wholly neglected to prove or show that said defendant had at any time subsequent to said 13th day of June 1913 regained a normal mental condition or that he said defendant was a normal sane man on or about the 23rd day of January 1916 the date upon which defendant is alleged to have committed the crime of 'assault with intent to commit rape' as charged in the indictment herein."

The record shows that the question of the defendant's sanity was left to the jury as one of fact upon instructions given them by the court. If, therefore, the verdict was wrong it was because it was against the evidence. The point, even if well taken, was not available to the defendant on a motion in arrest of judgment, though it would have been good as a ground for a new trial. "A motion in arrest of judgment differs from a motion for a new trial, in that the former can be based only upon facts appearing in the record, or upon some matter which ought to appear there but does not appear. The motion in arrest reaches substantial errors which are patent on the record, and which vitiate the proceedings, and not errors on the trial not in the record and which can only appear by a bill of exceptions." 12 Cyc. 756. "The objection that the verdict is contrary to the evidence or based on insufficient evidence, or that it is contrary to the instructions, cannot be urged in arrest of judgment. The remedy of defendant is to move for a new trial." Id. 759.

The circuit court reserved the question whether it should sustain the defendant's motion to arrest the judgment. We are obliged to hold, without passing on the merits of the contention that the verdict was against the evidence, that the motion ought not to be granted.

The reserved question is answered in the negative.

*W. T. Carden,* Second Deputy City and County Attorney, for the Territory.

*Frank Andrade* for defendant.